```
Michael R. Totaro 102229
Totaro & Shanahan
P.O. Box 789
Pacific Palisades, CA 90272
(888) 425 2889 (v)
(310) 496-1260 (f)
Ocbkatty@aol.com

Attorneys for Debtor in Possession
```

# UNITED STATES BANKRUPTCY COURT

## SOTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| In re<br><br>**Rosamond 5 Properties, LLC**<br><br>    Debtor/Debtor in Possession. | CASE NO. 3:22-bk-02483-CL11<br><br>Chapter 11<br><br>**STATUS REPORT**<br><br>Date: November 7, 2022<br>Time: 2:00 p.m.<br>Ctrm: 5<br>Place: 325 W. F St., San Diego, CA  92101 |

**TO THE HONORABLE COURT, THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

Rosamond 5 Properties, LLC, submits the following Declaration of Michael R. Totaro as its' November 7, 2022 status report.

I, Michael R. Totaro, declare:

1.     I am approved General Insolvency Counsel in the within matter. As such I have personal knowledge of the following facts and could and would competently testify thereto. Information was gathered from personal conversations with brokers, a review of emails from the UST, a review of the proposed Monthly Operating Reports and conversations with creditors.

2.     Since the last status conference Debtor and counsel have spoken with at least three brokers to attempt to obtain refinancing of the property. No decision has been made

yet as to which broker will be employed. Each has been advised that the broker cannot be compensated without court approval, and they run the risk of doing the work only to have this Court reject them as the working brokers.

3. As to compliance, there was a delay in completing the first MOR. Counsel has not found that to be unusual, especially since the new format appears to be very difficult for lay persons to complete on their own. As a result, it has now become necessary to employ a CPA not only for tax related issues but also to prepare the MOR's.

4. Counsel has already prepared the application to employ the CPA and as of this writing and filing it is out for signature to the CPA and the manager of the LLC. While it may not be filed either before or contemporaneously with this report it undoubtedly will be on file by the time of the status hearing.

5. Debtor has also filed its' Cash Collateral motion. Subsequent to the filing counsel was contacted by the attorney for one of the utilities. There appears to be complexities concerning the payment of the utilities. Like other sole owner LLC's until this matter was filed, the manager of the LLC was used to treating the LLC as though it was not a separate entity. As a result I was informed that there were $30,000 in arrears for utilities. Since the manager was paying these directly, the arrears was unknown to counsel until that phone call.

6. Counsel is cooperating with the attorney for the utilities to come to a conclusion as to an adequate protection payment and possibly a small lump sum payment to cut into the arrears that are owed. This counsel has been in Chicago for five months but will be returning to California prior to this hearing and in between will attempt to work out a satisfactory arrangement with the utility. In fact, we discussed brining that matter up at the meeting of creditors in an effort to resolve the problem.

7. Finally, two tax claims have been filed showing arrears of approximately $248,000 in property taxes. The manager of the LLC was advised that he must pay these off in any refinance arrangement, since at 18% statutory interest, the payment would be overly burdensome to the estate.

8. The manager was also advised that it would be in the best interests of the estate and the Debtor to include the unsecured debt in any refinance. The unsecured total debt is approximately $208,000.

9. There is litigation contemplated concerning whether or not the first lender has a viable claim. The same lender foreclosed on its loan on another property and the manger of this Debtor believed that since the loan was cross-collateralized it wiped out the secured debt on these properties.

10. Counsel has spoken to state court counsel concerning whether the pending litigation should be removed to this Court and whether it is necessary to employ the litigation firm since the entity prosecuting the state court action is separate and apart from the entity in this proceeding. We believe that state court counsel will appear at the status conference to apprise the court of the status of that litigation and whether or not counsel intends to continue the prosecute the action in State Court or in this Court.

11. While the litigation does involve a separate entity, if successful it would eliminate the entire first lien secured by the three properties in this matter.

12. Finally, there is an issue only touched on in the prior status conference. That is whether or not the architects, and engineers working on the projects are considered to be in the course and scope of employment or need to file employment applications to continue to work and get paid. That is another issue to be discussed at this upcoming hearing.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 31, 2022, under the laws of the State of California, at Chicago, Illinois.

By   /s/  Michael R. Totaro
  Michael R. Totaro
  Attorneys for Debtor In Possession