CSD 1160 [03/01/15]
Name, Address, Telephone No. & I.D. No.

William C. Beall, Bar No 97100
Beall & Burkhardt, APC
1114 State Street, Suite 200
Santa Barbara, CA 93101
(805) 966-6774
Will@BeallandBurkhardt.com

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In Re | |
|---|---|
| Rosamond 5 Properties, LLC | BANKRUPTCY NO. 22-02483-CL11 |
| Debtor. | |
| Grimm Investments, LLC | RS NO. WCB-1 |
| Moving Party | |
| Rosamond 5 Properties, LLC | |
| Respondent(s) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☑ **REAL PROPERTY**   ☐ **PERSONAL PROPERTY**

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☐ 7 ☑ 11 ☐ 12 ☐ 13 was filed on 9/25/2022.

2. Procedural Status:
   a. ☐ Name of Trustee Appointed *(if any)*: None
   b. ☐ Name of Attorney of Record for Trustee *(if any)*:
   c. ☐ *(Optional)* Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on: _____.
      If applicable, the prior case was dismissed on: _____.
   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

Movant alleges the following in support of its Motion:

1. ☑ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:
      830-50 Palm Canyon Dr.
      Borrego Springs, CA 92004

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):
      Mobile Home Park

   c. Legal description of property is attached as Exhibit A.

CSD 1160

CSD 1160 (Page 2) [03/01/15]

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $ 1,000,000.00 .

    f.    *Nature of Debtor's interest in the property:
        Fee

2.    ☐ The following personal property is the subject of this Motion *(describe property)*:

    a.    Fair market value of property as set forth in the Debtor's schedules: $_____.

    b.    Nature of Debtor's interest in the property:

3.    *Fair market value of property according to Movant: $ 769,000.00 .

4.    *Nature of Movant's interest in the property:  Beneficiary of First Trust Deed

5.    *Status of Movant's loan:
    a.    Balance owing on date of Order for Relief:  $ 2,628,357.22
    b.    Amount of monthly payment:  $
    c.    Date of last payment:  05/26/2021
    d.    If real property,
        i.    Date of default:  4/11/2019
        ii.    Notice of Default recorded on:  May 12, 2022
        iii.    Notice of Sale published on:  August 18, 2022
        iv.    Foreclosure sale currently scheduled for:  December 19, 2022
    e.    If personal property,
        i.    Pre-petition default:  $_____  No. of months:_____
        ii.    Post-petition default:  $_____  No. of months:_____

6.    *(If Chapter 13 Case, state the following:)*
    a.    Date of post-petition default:
    b.    Amount of post-petition default:  $_____

7.    Encumbrances:
    a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN)<br>Pre-Petition Arrearages<br>Total Amount - # of Months | | Post-Petition Arrearages<br>Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Property Tax | 125,635.77 | 125,635.77 | | 33,459.00 | |
| 2nd: Movant | 2,628,357.22 | 2,628,357.22 | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 2,753,992.99 | $ 2,753,992.99 | | $ 33,459.00 | |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

CSD 1160 (Page 3) [03/01/15]

8. Relief from the automatic stay should be granted because:

   a. ☑ Movant's interest in the property described above is not adequately protected.

   b. ☐ Debtor has no equity in the ☐ real property ☐ personal property described above and this property is not necessary to an effective reorganization.

   c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

      ii. the Debtor/Trustee has

         (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

         (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d. ☑ *Other cause exists as follows (specify): ☐ See attached page.
      The Debtor's actions since the filing of the case evidence a failure to be able to reorganize.
      Additional cause exists to terminate the automatic stay

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a).

Movant attaches the following:

1. ☑ Other relevant evidence:
   Request for Judicial Notice

2. ☑ (Optional) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☑ Relief as requested.

☑ Other:
   Alternatively, an Order for Adequate Protection

Dated: 12/2/22

_____
[Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160