BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Attorneys for Grimm Investments, LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Rosamond 5 Properties, LLC,<br><br>Debtor. | Bk. No. 22-02483-CL11<br>Chapter 11<br><br>RS No. WCB-1<br><br>**DECLARATION OF COLIN MILLER IN SUPPORT OF MOTION FOR RELIEF FROM STAY** |

I, Colin Miller, declare and state as follows:

1. I am Controller of Grimm Investments, LLC ("Lender"), as well as the custodian of its records as stated above. Each of the matters set forth herein are stated of my personal knowledge and if called as a witness I could competently testify to each of them.

2. As of November 13, 2022, there were the following amounts owed on the Note secured by a Trust deed in favor of the Lender

| | |
|---|---|
| Principal | $1,946,156.00 |
| Interest | $ 597,896.39 |
| Late charges | $ 45,248.13 |
| Legal and Foreclosure Fees | $ 39,057.00 |
| Total | $2,628,357.52. |

3. A true and correct copy of the Note is attached hereto as Exhibit A. A true and correct copy of the recorded Deeds of Trust is attached hereto as Exhibit B and C.

I declare the foregoing is true under penalty of perjury under the laws of the United States.

Dated: 12/2/22

Colin Miller

PROMISSORY NOTE SECURED BY FOUR (4) DEEDS OF TRUST

**DO NOT DESTROY THIS NOTE: WHEN PAID, THIS NOTE AND THE DEEDS OF TRUST SECURING IT MUST BE SURRENDERED TO THE TRUSTEE FOR CANCELLATION BEFORE RECONVEYANCE WILL BE MADE.**

**U.S. $2,200,000.00** **April 11, 2017** **Los Angeles, California**

**FOR VALUE RECEIVED**, the undersigned, **Rosamond 5 Properties LLC, a California limited liability company; Patrick Kealy, a single man; New Holland LLC, a California limited liability company; Kealy Construction, LLC, a California limited liability company,** and **8th Street MB, LLC, a Delaware limited liability company** (collectively, **Borrower**), hereby jointly and severally promise to pay to **Grimm Investments LLC, a California limited liability company** (**Lender**), or order, the principal sum of **TWO MILLION TWO HUNDRED THOUSAND DOLLARS AND 0/100ths**, together with interest on the unpaid principal balance from time to time outstanding at the applicable Interest Rate (as defined herein), as set forth in Section 1 below, from the date of this Note (**Note Date**) until fully paid. Principal and interest shall be due and payable in immediately available lawful money of the United States without setoff, deduction, recoupment or counterclaim and in accordance with the provisions of this Promissory Note (**Note**).

Each Borrower is jointly and severally obligated to pay to Lender The Full Loan Amount of $2,200,000.00 plus any accrued and/or Deferred Interest (defined in Section 2 below) and all other sums due and owing under this Note on or before two (2) years from the Note Date (the **Maturity Date**).

This Note is secured by four cross-defaulted Deeds of Trust and Assignment of Rents of even date herewith, which encumber certain parcels of improved real property as follows: County of Los Angeles, State of California (13511 Mulholland Drive, Los Angeles, CA 90210 – APN 2386-002-005); County of San Diego, State of California (818 & 830-850 Palm Canyon Drive, Borrego Springs, CA – APNs 141-370-33-00 & 141-370-34-00), County of Kern, State of California (1701 20th Street West, Rosamond, CA – APN 0266-041-40) and County of San Bernardino, State of California (Industrial Parkway San Bernardino CA 92407 – APN 0266-041-40. All of the foregoing parcels are referred to herein individually as a **Property** and collectively as the **Properties**.

This Note shall be subject to the following additional provisions:

**SECTION 1. Interest.**

a. <u>Interest Rate</u>. Each Borrower understands and agrees that the interest rate on this Note (**Interest Rate**) shall be Ten Percent (10%) per annum on the Base Loan Amount due under this Note, accruing from the Note Date until the entire indebtedness

PK Initial

evidenced by this Note and all accrued and unpaid interest is fully paid.

b. Fees. Each Borrower understands and agrees that the Lender is charging 2% of the Loan Amount (**$44,000.00**) as additional consideration for making the loan. Each Borrower also understands and agrees that the Lender is also charging a $2,500 Legal Fee.

c. Prepaid Interest. N/A

d. Method of Calculating Interest. Interest shall be computed on the basis of a 360-day year and the actual number of days elapsed and charged only to the Base Loan Amount of $2,200,000.00. In the event that any Borrower makes payments that reduce the principal balance owing on the Note, the amount of monthly payments thereafter shall be reduced accordingly after the end of the 6th month.

e. Default Interest. Following any Event of Default (as that term is described below), any unpaid sum owed under this Note shall begin to accrue interest at Fifteen Percent (15%) per annum until paid (**Default Interest**). The Default Interest shall be in addition to any Late Charges as described in Section 3 below.

f. Limitations on Interest. All agreements between Borrower and Lender are expressly limited so that in no event will the amount paid or agreed to be paid to Lender for the use or forbearance under this Note exceed the highest rate permissible under applicable law. If, from any circumstance, fulfillment of any provisions of this Note or a Deed of Trust (as defined herein), at the time performance or the provision is due, is prohibited by law, then the obligation to be fulfilled will be reduced to the maximum rate not so prohibited, and if from any circumstance Lender should ever receive as interest under this Note an amount that would exceed the highest lawful rate, the amount that would be excessive interest will be applied to the reduction of the principal of this Note and not to the payment of interest.

**Payment of Principal and Interest.** Forgoing the exhaustion of any Prepaid Interest, interest will be due and payable monthly on the 1st day of each month and in arrears. Each Borrower understands and acknowledges that the monthly payment will accrue at a rate of 10%, or **EIGHTEEN THOUSAND THREE HUNDRED THIRTY THREE and 33/100ths** ($18,333.33) per month. **Payment Instructions** Unless or until Lender provides alternative instructions, all of Borrower's payments shall be delivered by Borrower's bank directly to Lender's bank, by Automatic Clearing House (**ACH**) using the following account information for Lender:

Wells Fargo Bank N.A.
SWIFT: WFBIUS6S
ABA (Routing): 121000248
Account Name: Blue Pacific Bio-Energy Inv.

Account Number: 3214179669
Beneficiary Address: 1379 East Valley Rd., Santa Barbara, CA 93108

All payments shall be paid timely by Borrower without counterclaim, setoff, recoupment or deduction. All payments hereunder shall be applied first against all Late Charges (as defined below), then against all accrued interest on the outstanding principal balance hereof, and the remainder, if any, shall thereafter be applied against the outstanding principal balance hereof. If not paid sooner in accordance with the provisions of this Note, the entire unpaid principal balance hereof, together with all interest accrued thereon, plus any other amounts then due and owing hereunder, shall be due and payable on the Maturity Date.

SECTION 2. **Late Charges**. Each Borrower acknowledges that default in the payment of any amount under this Note when due may result in losses and additional expenses to Lender in servicing the indebtedness evidenced by this Note, handling delinquent payments, and meeting Lender's own financial obligations. Each Borrower further acknowledges that the extent of such loss and additional expense is extremely difficult and impractical to ascertain. Each Borrower therefore agrees that, if any payment due under this Note, whether at stated maturity, by acceleration or otherwise, is not received by Lender's bank by the fifth (5th) day after the due date, Borrower shall pay a late charge equal to the greater of five percent (5%) of the amount of the installment due or Fifty Dollars ($50) (**Late Charge**), which the parties agree is a reasonable estimate of expenses so incurred. Acceptance of any Late Charge will not constitute a waiver of default with respect to the overdue payment and will not prevent Lender from exercising any other rights available under this Note.

SECTION 3. **Prepayment**. Borrower may prepay the principal amount of the indebtedness evidenced by this Note, either in whole or in part, without penalty after the end of the 6th month after the Note Date.

SECTION 4. **Acceleration upon Further Encumbrance, Sale, Demolition, or Material Alteration**. Should any Borrower, without the prior consent in writing of the Lender (i) further encumber, sell, transfer or convey or permit to be sold, transferred or conveyed, any of Borrower's interests in a Property, or any part thereof; or (ii) demolish or materially change all or any part of the improvements on a Property, then the Lender may, at Lender's option, declare all sums secured hereby immediately due and payable. The four Deeds of Trust which secure this Note contain a provision calling for acceleration of the due date of this Note upon the sale, conveyance or alienation of the property encumbered thereby. Such clause is

incorporated herein by this reference and reads as follows:

*"If the trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable."*

**SECTION 5. Default.**

a. Lender's Right to Accelerate Payment upon an Event of Default. On the occurrence of any of the following events (each an **Event of Default**), Lender, at its sole option and in its sole discretion, may exercise either or both of the following remedies, in such order and at such times as Lender may elect: declare the entire unpaid principal balance of this Note, accrued but unpaid interest, including Default Interest, and any Late Charges immediately due and payable regardless of the Maturity Date, or exercise any or all of Lender's rights and remedies under this Note, any of the Deeds of Trust, or applicable law:

(i) Any Borrower's failure to pay any installment or other sum due under this Note within five (5) days of the due date;

(ii) Any Borrower's failure to pay any property taxes or assessments on a Property at least thirty (30) days before delinquency or to maintain insurance on a Property, as required by section 12(a) of this Note;

(iii) The commencement by any Borrower of a voluntary case under applicable bankruptcy, insolvency or other similar law now or later in effect, or the consent by any Borrower to the entry of an order for relief in an involuntary case under any such law, or the consent by any Borrower to the appointment of or taking possession by a receiver, liquidator, assignee, trustee, custodian, or similar official of any of the assets of such Borrower or the making of a general assignment for the benefit of creditors by any Borrower, or the admission in writing by any Borrower of an inability to pay debts generally as they become due;

(iv) Any Event of Default, as defined in a Deed of Trust;

(v) If any warranty or representation made by any Borrower, or any documents or other information furnished by any Borrower, in connection with this Note was false or incorrect in any material respect when made;

(vi) Any Borrower's further encumbrance, conveyance, alienation or other transfer of a Property, or any part thereof, or any interest therein without the prior explicit written consent from Lender;

(vii) Any Borrower's elective demolition or material change of all or any part of the improvements on a Property without Lender's prior written consent; or approved in writing by lender prior to the demolition;

(viii) Any breach of any other promise or obligation in this Note, a Deed of Trust or in any other instrument now or hereafter securing the indebtedness evidenced by this Note.

(ix) Any Borrower's failure to complete the Improvement Works as outlined in the attached Appendix A with respect the completion and enhancement of the Borrego Springs Property.

(x) Any Borrower's occupancy of any of the residences.

b. Lender may exercise its remedies in one or more proceedings, contemporaneously and/or consecutively, as Lender determines in its sole discretion. Lender may enforce its rights against one or more of the Properties or portions of Properties in the order and manner as it elects in its sole discretion. The enforcement of any one Deed of Trust will not constitute an election of remedies, and will not limit or preclude the enforcement of any other Deed of Trust through one or more additional proceedings. Lender may bring any action or proceeding, including but not limited to judicial or non-judicial foreclosure proceedings, without regard to the fact that one or more other proceedings may have been commenced elsewhere with respect to the one or more of the other Properties or any portion of them.

**SECTION 6. Conditions Precedent.** The agreement of the Lender to advance amounts under this Note is subject to the satisfaction, immediately prior to or concurrently with the making of such loan, of the condition precedent that each Borrower and any other required parties shall have executed this Note and each Deed of Trust in favor of Lender, and shall have delivered to Lender any other document required to be delivered in connection with the foregoing.

**SECTION 7. Work Product and Entitlements as Additional Security.** This Note is additionally secured by an assignment of all plans, surveys, reports, approvals, permits, surveys and other similar items relating to the redevelopment of the Properties as produced and/or procured by any of the Borrowers, (**Work Product and Entitlements**). All of each Borrower's Work Product and Entitlements, and all associated rights of use, shall be assigned and transferred to Lender upon the occurrence of any Event of Default by

any Borrower under this Note.

**SECTION 8. Indemnity.** Each Borrower shall indemnify, protect, defend, and hold Lender harmless from all losses, claims, damages, liabilities, costs, or expenses of any nature (including attorney fees and costs) that Lender incurs, arising from or relating to any Borrower's redevelopment activities pertaining to the Properties or because of any alleged obligation, undertaking, or inaction on Lender's part to perform or discharge any covenants or agreements of any Borrower with respect to such redevelopment activities and/or the Work Product and Entitlements, except to the extent arising from Lender's gross negligence or willful misconduct arising after the date, if ever, that Lender takes title to any of the Properties through foreclosure of the respective Deed of Trust or a deed in lieu of foreclosure. Without limitation, each Borrower shall indemnify, protect, defend, and hold Lender harmless from any actions, suits, arbitrations, claims, attachments, or proceedings related to the Properties, or any Borrower's redevelopment activities and/or Work Product and Entitlements thereon, commenced pursuant to the California Environmental Quality Act, the California Government Code and/or any other regulatory regime that may form the basis for a legal challenge to challenge to the issuance and/or validity of any permits, approvals or entitlements for the Properties. This provision shall survive any termination of this Note. Any amount incurred by Lender and covered by this indemnity clause shall be payable by each Borrower on demand and shall bear interest at the Default Interest rate from the date of demand until it is fully paid.

**SECTION 9. Assignment.**

a. Assignment by Borrower. None of the Borrowers may assign or delegate any of Borrower's obligations under this Note without Lender's prior written consent in each instance. In the event that Lender elects to approve any assignment by any Borrower, such Borrower shall be obligated to pay all reasonable costs and expenses, including legal fees, incurred by Lender in connection with the preparation and/or review of any and all documentation necessary to evaluate and document such transaction.

b. Assignment by Lender. Lender in its sole discretion may transfer this Note, and may sell or assign participations or other interests in all or any part of the Note, all without the consent of any Borrower. However, Lender shall provide each Borrower with prior written notice of any sale or assignment of all or any part of the Note.

**SECTION 10. Covenants.** Each Borrower hereby covenants and agrees as follows:

a. Insurance. Each Borrower shall obtain property insurance in an amount reasonably acceptable to Lender, but in no event less than the value of all loans secured by the Properties, which insurance shall expressly include earthquake coverage and shall name Lender as an additional insured.

b. Lender's Right to Inquire. To the extent Lender has any questions pertaining to Borrower's payment of taxes on the Properties and/or Borrower's maintenance of insurance on the Properties, as required herein, each Borrower hereby grants Lender the right to contact each Borrower's insurance provider(s) and/or the applicable County Assessor's office to make inquiries regarding the Properties, and each Borrower agrees to cooperate with Lender as needed to facilitate such inquiry.

c. Representation as to Enforceability. Each Borrower represents and warrants that the terms and conditions of this Note and of the Deeds of Trust are fully enforceable.

d. No Personal Use. Each Borrower shall use the Loan funds and all proceeds thereof for business or commercial investment purposes only and shall not use such funds or proceeds for personal, family, or household purposes.

e. Cross Default; Cross Collateralization. Each Borrower acknowledges that Lender has made the Loan to Borrowers upon the security of its collective interest in the Properties and in reliance upon the aggregate of the Properties taken together being of greater value as collateral security than the sum of the Properties taken separately. Each Borrower agrees that the four Deeds of Trust are and will be cross-collateralized and cross-defaulted with each other so that (i) an Event of Default under any of the Deeds of Trust shall constitute an Event of Default under each of the other Deeds of Trust which secure the Note; (ii) an Event of Default under this Note shall constitute an Event of Default under each Deed of Trust; and (iii) each Deed of Trust shall constitute security for this Note as if a single blanket lien were placed on all of the Properties as security for this Note.

**SECTION 11. Notices.** All notices required or permitted in connection with this Note shall be in writing and given at the place and in the manner provided in the respective Deeds of Trust for the giving of notices.

**SECTION 12. Attorneys' Fees.** In the event of breach of this Note, each Borrower agrees to pay the following costs, expenses and attorneys' fees paid or incurred by Lender, or adjudged by a court: (i) reasonable costs of collection and costs, expenses and attorneys' fees paid or incurred in connection with the enforcement of this Note, whether or not suit is filed; (ii) reasonable costs, expenses, and attorneys' fees incurred to protect the lien represented by the respective Deed of Trust; and (iii) costs of suit and such sum as the

court may adjudge as attorneys' fees in an action to enforce payment of this Note or any part of it.

**SECTION 13. General Provisions.**

a. Successors and Assigns. This Note shall be binding on and inure to the benefit of each Borrower and Lender and their respective heirs, legal representatives, successors, and assigns.

b. Joint and Several Liability. If any Borrower fails to pay fully, when due, any amount payable to Lender under this Note, then Lender may elect, in its discretion, to treat that amount as being due and owing by all the Borrowers on a joint and several basis; to enforce its rights and remedies against and collect such amounts from Borrowers on a joint and several basis; and to recover such amounts from the value of each of the Properties, on a pro rata basis or otherwise, as determined by Lender in its discretion. All actions or inactions of the officers, managers, members and/or agents of any Borrower with regard to the transactions contemplated under this Note and Deeds of Trust shall be deemed with full authority and binding upon all Borrowers hereunder. Each Borrower hereby appoints each other Borrower as its true and lawful attorney-in-fact, with full right and power, for purposes of exercising all rights of such person hereunder and under applicable law with regard to the transactions contemplated under the Note and Deeds of Trust. The foregoing is a material inducement to the agreement of Lender to fund the Loan and to consummate the transactions contemplated hereby. Borrower represents that for purposes of this transaction, they are operated as part of one consolidated business entity and are directly dependent upon each other for and in connection with their respective business activities financial resources. Each Borrower will receive a direct economic and financial benefit from the Loan and obligations incurred pursuant to this Note and the incurrence of such obligations is in the best interests of each Borrower.

c. Waiver of Presentment. Each Borrower and all persons liable or to become liable on this Note waive presentment, protest, and demand; notice of protest, demand, offset and dishonor; and any and all other notices or matters of a like nature.

d. Amendment. No provision of this Note may be amended except by an agreement in writing signed by Lender and all Borrowers, or their respective successors-in-interest, and by no other means. Each Borrower hereby waives the right to claim, contest or assert that this Note was modified, cancelled, superseded, or changed by oral agreement, course of conduct, waiver or estoppel.

e. Waivers.

(i) Each Borrower, for itself and for any and all persons now or in the future holding or claiming any lien on, or security interest in, or other interest or right of any nature in or to any of the Properties, unconditionally and irrevocably waives any rights it may have, now

or in the future, whether at law or in equity, to require Lender to enforce or exercise any of Lender's rights or remedies under this Note or any Deed of Trust in any particular manner or order or in any particular state or county, or to apply the proceeds of any enforcement action in any particular manner or order. The foregoing waiver includes, without limitation, any and all benefits arising under or referred to in California Civil Code Sections 2845, 2849 and 2850. Lender may apply the proceeds of any enforcement action to the payment of the Note in such order as Lender may determine in Lender's sole discretion.

(ii)    If, notwithstanding any provisions of this Note to the contrary, any Borrower is deemed to be a surety or guarantor with respect to any of the Loan, then in such capacity:

        1.    Each Borrower waives any and all benefits and defenses under California Civil Code Section 2810 and agrees that by doing so such Borrower will be liable for the Loan even if one or more of the Borrowers ceases to be liable for the Loan. Each Borrower waives any and all benefits and defenses under California Civil Code Section 2809 and agrees that by doing so such Borrower's liability may be larger in amount and more burdensome than that of any other Borrower.

        2.    Each Borrower understands that the exercise by Lender of certain rights and remedies contained in the Note and Deeds of Trust (such as a non-judicial foreclosure sale) may affect or eliminate such Borrower's right of subrogation against one or more of the other Borrowers, and that such Borrower may therefore incur a partially or totally un-reimbursable liability under this Note. Nevertheless, each Borrower authorizes and empowers Lender to exercise, in its sole and absolute discretion, any right or remedy, or any combination thereof, which may then be available, since it is the intent and purpose of such Borrower that the obligations under this Note are absolute, independent and unconditional under any and all circumstances. Each Borrower expressly waives any defense (which defense, if such Borrower had not given this waiver, such Borrower might otherwise have) to a personal judgment against such Borrower by reason of a non-judicial foreclosure of any of the Properties. Without limiting the generality of the foregoing, each Borrower expressly waives any and all benefits under (i) California Code of Civil Procedure Section 580a (which Section, if this waiver had not been given, might otherwise limit such Borrower's liability after a non-judicial foreclosure sale to the difference between the obligations of such Borrower under this Agreement and the fair market value of the

property or interests sold at such non-judicial foreclosure sale), (ii) California Code of Civil Procedure Sections 580b and 580d (which Sections, if this waiver had not been given, might otherwise limit Lender's right to recover a deficiency judgment with respect to purchase money obligations and after a non-judicial foreclosure sale, respectively), and (iii) California Code of Civil Procedure Section 726 (which Section, if this waiver had not been given, among other things, might otherwise require Lender to exhaust all of its security before a personal judgment could be obtained for a deficiency). Notwithstanding any foreclosure of the lien of any Deed of Trust, whether by the exercise of the power of sale contained in that Instrument, by an action for judicial foreclosure or by Lender's acceptance of a deed in lieu of foreclosure, each Borrower will remain bound under this Note.

3.    In accordance with Section 2856 of the California Civil Code, each Borrower also waives any right or defense based upon an election of remedies by Lender, even though such election (e.g., non-judicial foreclosure with respect to any collateral held by Lender to secure repayment of the Note) destroys or otherwise impairs the subrogation rights of such Borrower or any right of such Borrower (after payment of the Loan) to proceed against any other Borrower for reimbursement, or both, by operation of Section 580d of the California Code of Civil Procedure or otherwise.

4.    In accordance with Section 2856 of the California Civil Code, each Borrower waives any and all other rights and defenses available to such Borrower by reason of Sections 2787 through 2855, inclusive, of the California Civil Code, including, without limitation, any and all rights or defenses such Borrower may have by reason of protection afforded to such Borrower with respect to any of the obligations of such Borrower under this Note pursuant to the anti-deficiency or other laws of the State of California limiting or discharging any of the Loan or Lender's right of recovery of any Loan amounts, including, without limitation, Sections 580a, 580b, 580d, and 726 of the California Code of Civil Procedure.

5.    In accordance with Section 2856 of the California Civil Code, each Borrower agrees to withhold the exercise of any and all subrogation and reimbursement rights against any other Borrower, against any other person, and against any collateral or security for the Total Indebtedness, including, without limitation, any such rights pursuant to Sections 2847 and 2848 of the California Civil Code, until the Total Indebtedness has been indefeasibly paid and satisfied in full, all obligations owed to Lender under this Note have been fully

performed, and Lender has released, transferred or disposed of all of its right, title and interest in such collateral or security.

6. Any persons now or at any time liable, whether primarily or secondarily, for payment of the indebtedness evidenced by this Note, for themselves, their heirs, legatees, devisees, legal representatives, executives, administrators, conservators, successors and assigns, respectively and expressly waive presentment; demand; notice of dishonor; notice of default or delinquency; notice of acceleration; notice of protest and nonpayment; notice of costs, expenses, or losses and interest; notice of interest on interest and Late Charges; all other notices or matters of a like nature to any of the foregoing; and diligence in taking any action to collect any sums owing under this Note or in proceeding against any of the rights or interest to properties securing payment of this Note; and consent that the time of said payment or any part thereof may be extended by Lender, and further consent that any security, or any part thereof, may be released by Lender without in any way modifying, altering, releasing, affecting or limiting their respective liability.

f.    Time is of the Essence.  Time is of the essence with respect to each and every obligation of each Borrower set forth in this Note.

g.    Forbearance Not a Waiver.  No delay or omission on the part of Lender under this Note shall operate as a waiver of such right or of any other rights under this Note.  To be enforceable, any waiver must be expressly stated in a writing signed by Lender, and any such waiver shall apply only to the specific instance for which the waiver was granted.

h.    Governing Law.  This Note shall be governed by and construed in accordance with the laws of the State of California.

i.    Venue; Consent to Service of Process.  The parties agree that any action or dispute arising out of this Note or a Deed of Trust shall be heard in the courts located in the County of Los Angeles, State of California.  The parties hereby consent to service of process by any means authorized by the State of California.

j.    Consultation with Legal Counsel; Interpretation.  Each Borrower acknowledges and represents that such Borrower has read all provisions of this Note in full, has reviewed those provisions with legal counsel, understands such provisions and voluntarily agrees to be bound thereby.  Consequently, the normal rule of construction providing that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Note.

k. Severability. If any provision of this Note, or the application of it to any party or circumstance, is held void, invalid, or unenforceable by a court of competent jurisdiction, the remainder of this Note, and the application of such provision to other parties or circumstances, shall not be affected thereby, the provisions of this Note being severable in any such instance.

**BORROWER**

**Rosamond 5 Properties, LLC**

By: Patrick Kealy, Manager and Sole Member

**8th Street MB, LLC**

By: Kealy Construction, LLC
Its: Managing Member

By: Patrick Kealy, President and Sole Member

**New Holland LLC**

By: Patrick Kealy, Manager and Sole Member

**Kealy Construction, LLC**

By: Patrick Kealy, President and Sole Member

**Patrick Kealy, a single man**

APPENDIX A

The Following Capital Investments are to be finalized with the proceeds provided from this loan and must be completed prior to ~~November~~ 1, 2017.
December 30th 2017 (PK)

**Borrego Springs Completion Items**

| | |
|---|---|
| Fix spaces/trailers | $ 185,000.00 |
| Fix pool | $ 25,000.00 |
| Grade roads | $ 40,000.00 |
| Utilities | $ 50,000.00 |
| Fix restaurant | $ 55,000.00 |
| Office Building | $ 35,000.00 |
| | |
| **Total Improvements Budget** | **$ 390,000.00** |

RECORDING REQUESTED BY:
Ticor Title Company of California
463893

RECORDING REQUESTED BY

Grimm Investments, LLC

WHEN RECORDED, MAIL TO:

Simas Taylor LLP
6465 Nursery Way
San Luis Obispo, CA 93405

Jon Lifquist, Assessor-Recorder
Kern County Official Records

TT
4/14/2017
08:00 AM

Recorded Electronically by:
743 Ticor Title

DOC#: 000217047235

000217047235

| Stat Types: 2 | Pages: 8 |
|---|---|
| FEES | 67.00 |
| TAXES | .00 |
| OTHER | .00 |
| PAID | 67.00 |

APN: 473-022-23-00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS

(Short Form)

**THIS DEED OF TRUST**, is made April 11, 2017, between **ROSAMOND 5 PROPERTIES, LLC**, a California limited liability company, herein called "**TRUSTOR**", whose address is 936 Monterey Blvd, Hermosa Beach, CA 90254, **FIDELITY NATIONAL TITLE COMPANY**, a California corporation, herein called "**TRUSTEE**", and **GRIMM INVESTMENTS, LLC**, a California limited liability company, herein called "**BENEFICIARY**". This Deed of Trust is one of four security instruments securing a single debt which are cross-defaulted.

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in Kern County California, described as follows ("**PROPERTY**"):

> Parcel A of Parcel Map No. 8780, in the County of Kern, State of California, as per Map filed October 10, 1988 in Book 36 Pages 194 and 195 of Parcel Maps, in the Office of the County Recorder of said County.

Together with all the improvements now or hereafter erected on the Property, and all easements, appurtenances, and fixtures now or hereafter a part of the Property; and together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits. All replacements and additions to the Property shall also be covered by this Deed of Trust. This Deed of Trust combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

For the Purpose of Securing (1) payment of the sum of **TWO MILLION TWO HUNDRED THOUSAND DOLLARS ($2,200,000)** with interest thereon according to the terms of a promissory note of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof (collectively, the "**NOTE**"); (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or its successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust (collectively, "**SECURED INDEBTEDNESS**").

To protect the security of this Deed of Trust, the Secured Indebtedness secured hereby, and with respect to the Property, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said Property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumes | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |

RECORDING REQUESTED BY
Ticor Title Company of California

463893

RECORDING REQUESTED BY

Grimm Investments, LLC

WHEN RECORDED, MAIL TO:

Simas Taylor LLP
6465 Nursery Way
San Luis Obispo, CA 93405

THIS DOCUMENT HAS BEEN ELECTRONICALLY RECORDED. SEE THE ATTACHED COVER PAGE FOR RECORDING INFORMATION

APN: 473-022-23-00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS

(Short Form)

**THIS DEED OF TRUST**, is made April 11, 2017, between **ROSAMOND 5 PROPERTIES, LLC**, a California limited liability company, herein called "**TRUSTOR**", whose address is 936 Monterey Blvd, Hermosa Beach, CA 90254, **FIDELITY NATIONAL TITLE COMPANY**, a California corporation, herein called "**TRUSTEE**", and **GRIMM INVESTMENTS, LLC**, a California limited liability company, herein called "**BENEFICIARY**". This Deed of Trust is one of four security instruments securing a single debt which are cross-defaulted.

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in Kern County California, described as follows ("**PROPERTY**"):

> Parcel A of Parcel Map No. 8780, in the County of Kern, State of California, as per Map filed October 10, 1988 in Book 36 Pages 194 and 195 of Parcel Maps, in the Office of the County Recorder of said County.

Together with all the improvements now or hereafter erected on the Property, and all easements, appurtenances, and fixtures now or hereafter a part of the Property; and together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits. All replacements and additions to the Property shall also be covered by this Deed of Trust. This Deed of Trust combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

For the Purpose of Securing (1) payment of the sum of **TWO MILLION TWO HUNDRED THOUSAND DOLLARS ($2,200,000)** with interest thereon according to the terms of a promissory note of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof (collectively, the "**NOTE**"); (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or its successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust (collectively, "**SECURED INDEBTEDNESS**").

To protect the security of this Deed of Trust, the Secured Indebtedness secured hereby, and with respect to the Property, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said Property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumes | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego Series 5 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the Property. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties) are preprinted on the following pages hereof and are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

FIXTURE FILING. The recording of this Deed of Trust is intended to and will constitute a financing statement filed as a fixture filing under California Commercial Code Sections 9102(a)(40) and 9502(c) with respect to that portion of the Property which is or is to become Fixtures and Equipment. The "Secured Party" is Beneficiary and the "Debtor" is Trustor. The name, type of organization, jurisdiction of organization, and mailing addresses of the Secured Party and of the Debtor are set out in the preamble to this Deed of Trust. The land to which the Fixtures and Equipment are related is the Property, and Trustor is the record owner of the Property. Trustor agrees that Beneficiary may file this Deed of Trust, or a copy of it, in the real estate records or other appropriate index or in the Office of the Secretary of State of the State of California and such other states as the Beneficiary may elect, as a financing statement for any of the items specified above as part of the Property.

ASSIGNMENT OF RENTS. The assignment of rents herein shall be fully operative and effective to create a present security interest in existing and future Rents under California Civil Code Section 2938 without any further action on the part of Trustor or Beneficiary and Beneficiary shall be entitled, at its option, to all Rents whether or not Beneficiary takes possession of the Property. Trustor hereby further grants to Beneficiary the right to: (a) enter and take possession of the Property for the purposes of collecting the Rents; (b) dispossess by the usual summary proceedings of any tenant defaulting in the payment thereof to Beneficiary; (c) let the Property or any part thereof; and (d) apply the Rents, after payment of all necessary charges and expenses (including attorneys' fees and costs), to the Secured Indebtedness. After the occurrence of a default, Beneficiary shall have the rights set forth in California Civil Code Section 2938 without notice to or demand upon Trustor, and without regard to the adequacy of the security for the Secured Indebtedness. Beneficiary shall immediately and automatically be entitled to receive, collect, and possess all Rents in accordance with California Civil Code Section 2938. Any entering upon and taking and maintaining of control of the Property or the Rents by Beneficiary or the receiver and any application of Rents as provided herein shall not: (i) constitute Lender as a "mortgagee in possession" unless affirmatively elected by Lender in writing; (ii) make Beneficiary an agent of Borrower; (iii) constitute an action, render the Secured Indebtedness unenforceable, violate California Code of Civil Procedure Section 726, or otherwise limit any rights available to Beneficiary with respect to its security; or (iv) be deemed to create any bar to a deficiency judgment on the Secured Indebtedness. Beneficiary shall not be liable to Trustor, anyone claiming under or through Trustor, or anyone having an interest in the Property by reason of anything done or left undone by Beneficiary hereunder, except as may be due to gross negligence or intentional acts of Beneficiary, its employees, or agents. Neither Beneficiary's application nor Beneficiary's failure to apply the Rents in accordance with the terms hereof shall result in a loss of any lien or security interest which Beneficiary may have in the Property, render the Secured Indebtedness unenforceable, constitute a violation of California Code of Civil Procedure Section 726, or otherwise limit any right available to Beneficiary with respect to its security.

DUE ON SALE. If the Trustor shall sell, convey or alienate said Property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable.

UCC SALE. By exercising any of Beneficiary's rights or remedies as a fixture filing, Trustor acknowledges and agrees that Beneficiary shall not be deemed to have exercised any equitable right of setoff, foreclosed any statutory banker's lien, initiated or prosecuted any "action" to enforce the rights and obligations secured by this Deed of Trust or the Note as the term "action" is used in California Code of Civil Procedure Section 726, or to have violated the "security first" principle of

California Code of Civil Procedure Section 726. Accordingly, the exercise of any or all of Beneficiary's rights and remedies herein shall not in any way prejudice or affect Beneficiary's right to initiate and complete a judicial or non-judicial foreclosure under this Deed of Trust. This Deed of Trust evidences the consensual granting of a personal property security interest in any Property as permitted by the Uniform Commercial Code. The parties do not intend that the exercise by Beneficiary of any of its rights or remedies hereunder shall have any different consequences under California Code of Civil Procedure Section 726 than the exercise of rights or remedies under any other security agreement under which a secured party has been granted a security interest in other types of personal property.

WAIVERS. To the fullest extent permitted by law, Trustor hereby irrevocably and unconditionally waives and releases: (i) all benefit that might accrue to Trustor by virtue of any present or future statute of limitations or law or judicial decision exempting the Property from attachment, levy, or sale on execution or providing for any appraisement, valuation, stay of execution, exemption from civil process, redemption, or extension of time for payment; (ii) all notices of any default or of Trustee's election to exercise or his actual exercise of any right, remedy, or recourse provided for under the Note; (iii) any right to a marshaling of assets or a sale in inverse order of alienation; and (iv) all benefits of California Code of Civil Procedure Section 431.70 and any right that Trustor may have to offset any portion of the Secured Indebtedness by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Trustor may have against Beneficiary.

CROSS-DEFAULT; CROSS-COLLATERALIZATION. The Note is secured by, among other things, this Deed of Trust and those certain other Deeds of Trust of even date herewith, executed by the Trustor or its affiliates, as the case may be, in favor of Beneficiary and covering certain real property and improvements thereon as described therein ("Other Deeds of Trust"). The existence of a default under the Note or this Deed of Trust (after the expiration of any applicable notice and cure periods) shall be deemed and shall constitute an automatic default under the Other Deeds of Trust (without any further notice and cure by Beneficiary to Trustor which is hereby specifically waived by Trustor for all purposes), and a default under any of the Other Deeds of Trust (after the expiration of any applicable notice and cure periods), shall be deemed and shall constitute an automatic default under the Note, this Deed of Trust, and the remaining Other Deeds of Trust (without any further notice and cure by Beneficiary to Trustor which is hereby specifically waived by Trustor for all purposes).

SEPARATE SALES. The Property may be sold in one or more parcels and in such manner and order as Trustee, in its sole discretion, may elect, it being expressly understood and agreed that the right of sale arising out of any default shall not be exhausted by any one or more sales. The power of sale under this Deed of Trust shall not be exhausted by any one or more sales (or attempts to sell) as to all or any portion of the Property remaining unsold, but shall continue unimpaired until all of the Property has been sold by exercise of the power of sale in this Deed of Trust and all Secured Indebtedness has been paid and discharged in full.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to the address hereinbefore set forth.

**TRUSTOR:**

ROSAMOND 5 PROPERTIES, LLC,
a California limited liability company

________________________
Patrick Kealy,
Manager and Sole Member

ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
)
COUNTY OF Los Angeles )

On April 11, 2017, before me, Sandra Ferrer a Notary Public, personally appeared **Patrick Kealy**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature [signature] (Seal)

SANDRA FERRER
Commission # 2134579
Notary Public - California
Los Angeles County
My Comm. Expires Dec 18, 2019

SPL INC.

GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary : Sandra Ferrer

Notary Identification Number : 2134579

Vender Identification Number : 

County Where Bond Is Filed : Los Angeles County

Date Commission Exp : Dec. 18, 2019

Place of Execution : Bakersfield

SPL, Inc. as agent

DATE: 04/14/2017

Amy Barfield Signature

GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary :

Notary Identification Number :

Vender Identification Number :

County Where Bond Is Filed :

Date Commission Exp :

Place of Execution :

SPL, Inc. as agent

DATE: _____/_____/_____

Signature

Revised 9/6/06 R.1
DR 002 2 x Notary Seal Declaration R1.doc

DO NOT RECORD

The following is a copy of Subdivisions A and B of the fictitious Deed of Trust recorded in each County in California as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

A.      To protect the security of this Deed of Trust, Trustor agrees:

      (1)      To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer, or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

      (2)      To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

      (3)      To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

      (4)      To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

      Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may, make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgement of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

      (5)      To pay immediately and without demand all sums so expanded by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.      It is mutually agreed:

      (1)      That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for regarding disposition of proceeds of fire or other insurance.

      (2)      That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

      (3)      That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

      (4)      That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

      (5)      That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property , the collection of such rents, issues and profits and the

application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall Cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledgees of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) The Trustee accepts this Trust when this Deed, duty executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**DO NOT LOSE OR DESTROY THIS DEED OF TRUST OR THE NOTE WHICH IT SECURES. BOTH MUST BE DELIVERED TO THE TRUSTEE FOR CANCELLATION WHEN PAID IN FULL.**

Case 22-02483-CL11 Filed 12/08/22 Entered 12/08/22 13:44:02 Doc 68-1 Pg. 24 of 32

PRELIMINARY REPORT
YOUR REFERENCE: 1701 20th St.

Ticor Title Company of California

# EXHIBIT "A"

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF KERN, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Parcel A of Parcel Map No. 8780, in the County of Kern, State of California, as per Map filed October 10, 1988 in Book 36 Pages 194 and 195 of Parcel Maps, in the Office of the County Recorder of said County.

APN: **473-022-23-00**

CLTA Preliminary Title Report
IPrelm (DSI Rev. 8/15/16)

Page 3

Order No.: 00463893-996-LAT-BU1

Exhibit B - Page 24

RECORDING REQUESTED BY:
Ticor Title Company of California
– Glen

~~RECORDING REQUESTED BY~~

Grimm Investments, LLC 463887

WHEN RECORDED, MAIL TO:

Simas Taylor LLP
6465 Nursery Way
San Luis Obispo, CA 93405

DOC# 2017-0167707

Apr 14, 2017 08:00 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $54.00
PCOR: N/A
PAGES: 8

APN: 141-370-33 & 141-370-34

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS

(Short Form)

**THIS DEED OF TRUST**, is made April 11, 2017, between **ROSAMOND 5 PROPERTIES, LLC**, a California limited liability company, herein called "**TRUSTOR**", whose address is 936 Monterey Blvd, Hermosa Beach, CA 90254, **FIDELITY NATIONAL TITLE COMPANY**, a California corporation, herein called "**TRUSTEE**", and **GRIMM INVESTMENTS, LLC**, a California limited liability company, herein called "**BENEFICIARY**". This Deed of Trust is one of four security instruments securing a single debt which are cross-defaulted.

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in San Diego County California, described as follows ("**PROPERTY**"):

> Parcels 1 and 2 of Parcel Map 8500, in the County of San Diego, State of California, according to Map thereof filed in the Office of the County Recorder of San Diego County March 8, 1979.

Together with all the improvements now or hereafter erected on the Property, and all easements, appurtenances, and fixtures now or hereafter a part of the Property; and together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits. All replacements and additions to the Property shall also be covered by this Deed of Trust. This Deed of Trust combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

For the Purpose of Securing (1) payment of the sum of **TWO MILLION TWO HUNDRED THOUSAND DOLLARS ($2,200,000)** with interest thereon according to the terms of a promissory note of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof (collectively, the "**NOTE**"); (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or its successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust (collectively, "**SECURED INDEBTEDNESS**").

To protect the security of this Deed of Trust, the Secured Indebtedness secured hereby, and with respect to the Property, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said Property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |

RECORDING REQUESTED BY:
Ticor Title Company of California

~~RECORDING REQUESTED BY~~ - Glen

Grimm Investments, LLC 463887

WHEN RECORDED, MAIL TO:

Simas Taylor LLP
6465 Nursery Way
San Luis Obispo, CA 93405

THIS DOCUMENT HAS BEEN ELECTRONICALLY RECORDED. SEE THE ATTACHED COVER PAGE FOR RECORDING INFORMATION

APN: 141-370-33 & 141-370-34

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS

(Short Form)

**THIS DEED OF TRUST**, is made April 11, 2017, between **ROSAMOND 5 PROPERTIES, LLC**, a California limited liability company, herein called "**TRUSTOR**", whose address is 936 Monterey Blvd, Hermosa Beach, CA 90254, **FIDELITY NATIONAL TITLE COMPANY**, a California corporation, herein called "**TRUSTEE**", and **GRIMM INVESTMENTS, LLC**, a California limited liability company, herein called "**BENEFICIARY**". This Deed of Trust is one of four security instruments securing a single debt which are cross-defaulted.

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in San Diego County California, described as follows ("**PROPERTY**"):

> Parcels 1 and 2 of Parcel Map 8500, in the County of San Diego, State of California, according to Map thereof filed in the Office of the County Recorder of San Diego County March 8, 1979.

Together with all the improvements now or hereafter erected on the Property, and all easements, appurtenances, and fixtures now or hereafter a part of the Property; and together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits. All replacements and additions to the Property shall also be covered by this Deed of Trust. This Deed of Trust combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

For the Purpose of Securing (1) payment of the sum of **TWO MILLION TWO HUNDRED THOUSAND DOLLARS ($2,200,000)** with interest thereon according to the terms of a promissory note of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof (collectively, the "**NOTE**"); (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or its successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust (collectively, "**SECURED INDEBTEDNESS**").

To protect the security of this Deed of Trust, the Secured Indebtedness secured hereby, and with respect to the Property, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said Property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumes | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego Series 5 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the Property. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties) are preprinted on the following pages hereof and are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

FIXTURE FILING. The recording of this Deed of Trust is intended to and will constitute a financing statement filed as a fixture filing under California Commercial Code Sections 9102(a)(40) and 9502(c) with respect to that portion of the Property which is or is to become Fixtures and Equipment. The "Secured Party" is Beneficiary and the "Debtor" is Trustor. The name, type of organization, jurisdiction of organization, and mailing addresses of the Secured Party and of the Debtor are set out in the preamble to this Deed of Trust. The land to which the Fixtures and Equipment are related is the Property, and Trustor is the record owner of the Property. Trustor agrees that Beneficiary may file this Deed of Trust, or a copy of it, in the real estate records or other appropriate index or in the Office of the Secretary of State of the State of California and such other states as the Beneficiary may elect, as a financing statement for any of the items specified above as part of the Property.

ASSIGNMENT OF RENTS. The assignment of rents herein shall be fully operative and effective to create a present security interest in existing and future Rents under California Civil Code Section 2938 without any further action on the part of Trustor or Beneficiary and Beneficiary shall be entitled, at its option, to all Rents whether or not Beneficiary takes possession of the Property. Trustor hereby further grants to Beneficiary the right to: (a) enter and take possession of the Property for the purposes of collecting the Rents; (b) dispossess by the usual summary proceedings of any tenant defaulting in the payment thereof to Beneficiary; (c) let the Property or any part thereof; and (d) apply the Rents, after payment of all necessary charges and expenses (including attorneys' fees and costs), to the Secured Indebtedness. After the occurrence of a default, Beneficiary shall have the rights set forth in California Civil Code Section 2938 without notice to or demand upon Trustor, and without regard to the adequacy of the security for the Secured Indebtedness. Beneficiary shall immediately and automatically be entitled to receive, collect, and possess all Rents in accordance with California Civil Code Section 2938. Any entering upon and taking and maintaining of control of the Property or the Rents by Beneficiary or the receiver and any application of Rents as provided herein shall not: (i) constitute Lender as a "mortgagee in possession" unless affirmatively elected by Lender in writing; (ii) make Beneficiary an agent of Borrower; (iii) constitute an action, render the Secured Indebtedness unenforceable, violate California Code of Civil Procedure Section 726, or otherwise limit any rights available to Beneficiary with respect to its security; or (iv) be deemed to create any bar to a deficiency judgment on the Secured Indebtedness. Beneficiary shall not be liable to Trustor, anyone claiming under or through Trustor, or anyone having an interest in the Property by reason of anything done or left undone by Beneficiary hereunder, except as may be due to gross negligence or intentional acts of Beneficiary, its employees, or agents. Neither Beneficiary's application nor Beneficiary's failure to apply the Rents in accordance with the terms hereof shall result in a loss of any lien or security interest which Beneficiary may have in the Property, render the Secured Indebtedness unenforceable, constitute a violation of California Code of Civil Procedure Section 726, or otherwise limit any right available to Beneficiary with respect to its security.

DUE ON SALE. If the Trustor shall sell, convey or alienate said Property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable.

UCC SALE. By exercising any of Beneficiary's rights or remedies as a fixture filing, Trustor acknowledges and agrees that Beneficiary shall not be deemed to have exercised any equitable right of setoff, foreclosed any statutory banker's lien, initiated or prosecuted any "action" to enforce the rights and obligations secured by this Deed of Trust or the Note as the term "action" is used in California Code of Civil Procedure Section 726, or to have violated the "security first" principle of

California Code of Civil Procedure Section 726. Accordingly, the exercise of any or all of Beneficiary's rights and remedies herein shall not in any way prejudice or affect Beneficiary's right to initiate and complete a judicial or non-judicial foreclosure under this Deed of Trust. This Deed of Trust evidences the consensual granting of a personal property security interest in any Property as permitted by the Uniform Commercial Code. The parties do not intend that the exercise by Beneficiary of any of its rights or remedies hereunder shall have any different consequences under California Code of Civil Procedure Section 726 than the exercise of rights or remedies under any other security agreement under which a secured party has been granted a security interest in other types of personal property.

WAIVERS. To the fullest extent permitted by law, Trustor hereby irrevocably and unconditionally waives and releases: (i) all benefit that might accrue to Trustor by virtue of any present or future statute of limitations or law or judicial decision exempting the Property from attachment, levy, or sale on execution or providing for any appraisement, valuation, stay of execution, exemption from civil process, redemption, or extension of time for payment; (ii) all notices of any default or of Trustee's election to exercise or his actual exercise of any right, remedy, or recourse provided for under the Note; (iii) any right to a marshaling of assets or a sale in inverse order of alienation; and (iv) all benefits of California Code of Civil Procedure Section 431.70 and any right that Trustor may have to offset any portion of the Secured Indebtedness by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Trustor may have against Beneficiary.

CROSS-DEFAULT; CROSS-COLLATERALIZATION. The Note is secured by, among other things, this Deed of Trust and those certain other Deeds of Trust of even date herewith, executed by the Trustor or its affiliates, as the case may be, in favor of Beneficiary and covering certain real property and improvements thereon as described therein ("Other Deeds of Trust"). The existence of a default under the Note or this Deed of Trust (after the expiration of any applicable notice and cure periods) shall be deemed and shall constitute an automatic default under the Other Deeds of Trust (without any further notice and cure by Beneficiary to Trustor which is hereby specifically waived by Trustor for all purposes), and a default under any of the Other Deeds of Trust (after the expiration of any applicable notice and cure periods), shall be deemed and shall constitute an automatic default under the Note, this Deed of Trust, and the remaining Other Deeds of Trust (without any further notice and cure by Beneficiary to Trustor which is hereby specifically waived by Trustor for all purposes).

SEPARATE SALES. The Property may be sold in one or more parcels and in such manner and order as Trustee, in its sole discretion, may elect, it being expressly understood and agreed that the right of sale arising out of any default shall not be exhausted by any one or more sales. The power of sale under this Deed of Trust shall not be exhausted by any one or more sales (or attempts to sell) as to all or any portion of the Property remaining unsold, but shall continue unimpaired until all of the Property has been sold by exercise of the power of sale in this Deed of Trust and all Secured Indebtedness has been paid and discharged in full.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to the address hereinbefore set forth.

**TRUSTOR:**

ROSAMOND 5 PROPERTIES, LLC,
a California limited liability company

______________________________
Patrick Kealy,
Manager and Sole Member

ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
)
COUNTY OF Los Angeles )

On April 11, 2017, before me, Sandra Ferrer a Notary Public, personally appeared **Patrick Kealy**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Sandra Ferrer (Seal)

SANDRA FERRER
Commission # 2134579
Notary Public - California
Los Angeles County
My Comm. Expires Dec 18, 2019

# NOTARY SEAL CERTIFICATION

(Government Code 27361.7)

I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:

Name of the Notary: Sandra Ferrer

Commission Number: 2134579 Date Commission Expires: 12/18/2019

County Where Bond is Filed: Los Angeles

Manufacturer or Vendor Number: NNA1
(Located on both sides of the notary seal border)

Signature: ______________________
Firm Name (if applicable)

Place of Execution: San Diego Date: 4 / 14 / 17

DO NOT RECORD

The following is a copy of Subdivisions A and B of the fictitious Deed of Trust recorded in each County in California as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

A. To protect the security of this Deed of Trust, Trustor agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer, or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may, make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgement of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

(5) To pay immediately and without demand all sums so expanded by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for regarding disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property , the collection of such rents, issues and profits and the

application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall Cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledgees of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) The Trustee accepts this Trust when this Deed, duty executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**DO NOT LOSE OR DESTROY THIS DEED OF TRUST OR THE NOTE WHICH IT SECURES. BOTH MUST BE DELIVERED TO THE TRUSTEE FOR CANCELLATION WHEN PAID IN FULL.**