BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Attorneys for Grimm Investments, LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Rosamond 5 Properties, LLC,<br><br>　　　　　　　　　Debtor. | Bk. No. 22-02483-CL11<br>Chapter 11<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY**<br><br>RS No: WCB-1 |

Grimm Investments, LLC ("Lender") brings its Points and Authorities in Support of its Motion for Relief from the Automatic Stay as follows:

Initially, the Debtor owns three pieces of property, each of which serves as collateral for one obligation evidenced by a promissory note. Lender has filed three separate Motions, but they are very similar. This Points and Authorities applies to all three properties, and it will be filed with each of the three motions.

Relief should be granted for cause, including lack of adequate protection. The documents establish that Lender has a valid, perfected first priority lien on all three properties.

The Debtor has not paid property taxes for many years. Taxes are due December 10, 2022. The Debtor does not have the ability to pay those taxes. They are not included (could not be) in the cash collateral budget. The sum of the two property tax claims is

$297,588.14. Property taxes continue to accrue at a rate of about $65,000 per year on the two parcels.

As of November 13, 2022, Lender is owed $2,628,357.52. Total debt (including the senior tax obligations) is $2,925,945.66.

Lender has had the property appraised. The appraisals, supported by declarations of a competent appraiser, are as follows:

| | |
|---|---|
| 830-850 Palm Canyon, Borrego Springs | $769,000 |
| 818 Palm Canyon, Borrego Springs | $152,000 |
| 1701 20th St. W, Rosamond | $2,415,000 |
| Total | $3,336,000 |

Estimating costs of sale at 8%, the Debtor would net only $3,069,120 from a sale of the property.

The equity cushion is less than 5%. That cushion will reduce further when December 10 passes and the Debtor fails to make property tax payments. The delinquent property taxes bear statutory interest at the rate of 18%. Lender is at risk from the continued existence of the automatic stay, and the stay should be terminated. The value of the property does not provide adequate protection, and the Debtor has proffered no payments, not does it have the apparent ability to make any payments.

The Debtor has been in Chapter 11 since September. It has not filed a Plan. Instead, after assuring the Court and creditors that it would promptly refinance the property, no such motion has been filed. No Motion to sell the Property has been filed. No Motion to Employ a Real Estate Broker to sell the property has been filed.

The Debtor's failure to make any appreciable progress toward reorganization is additional cause for relief from the stay.

Furthermore, the Debtor has provided the Court with other cause. Mr. Kealy's testimony at the first meeting of creditors was that the Debtor has not insured the mobile home park.

He further testified, between the two meetings, that after taking the tenant's funds for utilities, the Debtor instead spent funds for maintenance, that those funds were paid in cash and not accounted for, and that the Debtor used an insider entity for maintenance. In other words, the Debtor transferred utility payments to an insider and did not reflect that in the schedules.

Mr. Kealy also testified that he paid no attention to whether assets or liabilities were his or the Debtor's.

Lender submits that the above constitutes additional cause for relief from the stay.

For the foregoing reasons, Grimm Investments, LLC requests that the Court terminate the Stay.

Dated: 12-2-22

BEALL & BURKHARDT, APC

By: *William C. Beall*
William C. Beall, Counsel for Grimm Investments, LLC