BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Attorneys for Grimm Investments, LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re

Rosamond 5 Properties, LLC,

                Debtor.

)  Bk. No. 22-02483-CL11
)  Chapter 11
)
)  RS No. WCB-1
)
)  **DECLARATION OF WILLIAM C. BEALL**
)  **IN SUPPORT OF MOTION FOR RELIEF**
)  **FROM STAY**

I, William C. Beall, declare and state as follows:

1.    I am an attorney licensed to practice law in the State of California and before this Court. Each of the matters set forth herein are stated of my personal knowledge and if called as a witness I could competently testify to each of them.

2.    I am the primary attorney at the firm of Beall & Burkhardt, APC assigned to represent Grimm Investments, LLC in the Chapter 11 case of Rosamond 5 Properties, LLC.

3.    In that capacity, I attended (telephonically) the first meeting of creditors on November 1, 2022. Patrick Kealy, the sole member of the Debtor, appeared and testified under oath. Both Mr. Kealy and his counsel frankly admitted that Rosamond 5 Properties, LLC was essentially an alter ego of Mr. Kealy. Funds went from one to the other, and some obligations of the Debtor (primarily utilities) were in Mr. Kealy's personal name.

4. Mr. Kealy admitted he had not paid the water bill for the mobile home park located at 830-850 Palm Canyon, Borrego Springs, despite the fact that he collects utility payments from the tenants. He stated that, instead, the funds were used for "maintenance". He further testified that maintenance payments were made in cash, with no accounting backup.

5. I also attended a further continued first meeting of creditors on November 22, 2022. Mr Kealy again appeared and testified under oath. He testified that he had not obtained property insurance for the mobile home park. When questioned about why he had not paid the water bills, he stated that he didn't know if the Debtor would continue to own the property (referring to the scheduled foreclosure sale).

6. Mr. Kealy further testified that maintenance work was done by Kealy Construction, an insider entity.

7. The filed schedules show no insider transfers in the past year.

I declare the foregoing is true under penalty of perjury under the laws of the United States.

Dated: 12/2/22

William C. Beall

2