Michael R. Totaro      102229
Totaro & Shanahan
P.O. Box 789
Pacific Palisades, CA 90272
(888) 425-2889 (v)
(310) 496-1260 (f)
ocbkatty@aol.com

**Attorneys for Debtor in Possession**

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION**

| | |
|---|---|
| In re<br><br>ROSAMOND 5 PROPERTIES, LLC,<br><br>Debtor in Possession. | Case No. 22-02483-CL-11<br><br>Chapter 11<br><br>**EXPARTE APPLICATION OF DEBTOR TO ENLARGE THE TIME TO FILE ITS MOTION TO INCUR POST PETITION DEBT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF PATRICK KEALY AND MAUREEN J. SHANAHAN**<br><br>**[No Hearing requested]** |

TO THE HONORABLE COURT, THE UNITED STATES TRUSTEE, ALL CREDITORS AND ANY INTERESTED PARTIES:

Rosamond 5 Properties, LLC, the Debtor and Debtor in Possession ("Debtor") in the above captioned case respectfully applies to this Court Exparte for an Order Enlarging the Time for Debtor to file its Motion to Incur Debt Post-Petition from December 9, 2022 until December 23, 2022. This is a second Application to Extend time as the initial deadline was set for November 21, 2022, so the total time this is requested to be extended from the initial date is essentially one month.

This Application is made pursuant to FRBP 9006(b)(1) requesting the Court to enlarge the time for filing Debtor's Motion to Incur Debt for good cause. The Application

is based on the Declarations of Patrick Kealy and Maureen J. Shanahan showing that at this time Debtor and the DIP Lender had come to terms for the Credit Agreement. The DIP Lender had decided to obtain an updated appraisal as to the property as they believed it would show a higher value as to main property to justify the loan. However, it was agreed yesterday that the Moti would be filed and the Appraisal a condition precedent to the financing.

Today, December 9, 2022 counsel was completing the Motion to Incur Debt/DIP Financing and waiting on the Lender to send the Credit Agreement with some minor agreed revisions, when the parties discovered that creditor Grimm had filed three separate motion for relief form stay, one for each of Debtor's three properties that is claimed as security on the disputed debt. When this was discovered, the Lender had some concerns given the extremely low-ball appraisal submitted by Grimm as to the value of the Rosamond property, which was the key property supporting the DIP Financing. Debtor is confident in the valuation, however the DIP Lender apparently felt the need to not rush this and to obtain its own appraisal to assure the values support the loan.

Thus, even though counsel contacted the Court to obtain a hearing date on the Motion which was to be filed, it ultimately was not. Instead, given the last-minute change in circumstances clearly not anticipated Debtor is respectfully requesting the Court extend the time to file the requisite Motion for two weeks or until December 23, 2022, which should be time to have proper appraisals prepared.

The Application is made on the grounds that Debtor's Plan is dependent of the financing in this case which is necessary in part to pay the claimed but disputed first lienholder on all of the real property of the estate. Debtor has at least one firm backup offer which could be pursued but they might also want an updated appraisal given the extremely low value Grimm obtained. Thus, Debtor requests the additional time be approved by the Court.

///

Dated: December 9, 2022          Totaro & Shanahan

By: /s/ Michael R. Totaro
    Michael R. Totaro
    Attorney for Debtor/Debtor in
    Possession

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  THE COURT MAY GRANT AN ENLARGMENT OF TIME FOR THE DEBTOR TO FILE ITS MOTION TO INCUR DEBT FOR CAUSE WITHOUT NOTICE IF THE REQUEST IS MADE BEFORE THE EXPIRATION OF THE ORIGINAL TIME PRESCRIBED.**

FRBP 9006(b) provides the Court with the discretion to enlarge a time period within which an act is to be performed. Specifically, the relevant potions of the rule state:

> When an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown, may at any time in its' discretion (1) with or without motion or notice order the period enlarged if the request is therefore made before the expiration of the period originally prescribed or as extended buy a previous order . . . .

This is a Chapter 11 case involving three parcels of real estate located in to separate counties. However, these properties are all cross collateral for a loan with claimed secured creditor Grimm Investments, LLC ("Grimm").[1] Who had sought to foreclose. This case was filed to stop the foreclosure and obtain new financing.

Debtor had obtained DIP Financing and was preparing the Motion to approve this and preparing to sign the Credit Agreement, when the parties discovered Grimm had filed motions for relief from stay yesterday and had obtained a low-ball appraisal of the main property supporting the DIP Financing. The parties had reviewed the Credit Agreement and were preparing to sign this with a condition to funding of an updated appraisal. The ironically timed motions on the eve of the deadline to file this Motion left the lender needing to take a little time to evaluate the new and considerably lower value in the creator's appraisal.

As set forth more specifically in the Declarations of Patrick Kealy and Maureen J

---

[1] There is currently litigation between the parties and other related entities owned by Debtor; s manager Patrick Kealy which among other issues challenges the validity of the claim and lien. The litigations were initiated by Debtor or the related entities.

4

1 | Shanahan, there is cause to great a two-week extension to obtain a proper appraisal to
2 | assure the refinancing will go through. Debtor does have at least one back up offer and
3 | this lender may need similar justifications given the unusually low value in Grimm's
4 | appraisal.

5 |     For these reasons and those set forth in the Declarations herein Debtor respectfully
6 | requests the court grant this exporter application and extend the time to file the relevant
7 | Motion to December 23, 2022.

8 | Dated: December 9, 2022                                    Totaro & Shanahan

                                                                  By  /s/ Michael R. Totaro
                                                                       Michael R. Totaro
                                                                       Attorneys for in Possession

## DECLARATION OF PATRICK KEALY

I, Patrick Kealy, declare:

1. I am over the age of eighteen and the managing member of Debtor and Debtor in Possession Rosamond 5 Properties, LLC ("Debtor") in this Chapter 11 case. I have personal knowledge of the following facts and if called as a witness, I could and would testify competently thereto.

2. It is Debtor's intention in filing this bankruptcy case to obtain financing in order to take out the disputed existing first lien on Debtor's three properties that are the estate real property in this case.

3. Prior to filing this case I had been seeking financing and have continued to do so. Since sometime in the end of September or early October I have been in discussions with two prospective lenders.

4. On November 4, 2022, I obtained a Terms Sheet for Debtor in Possession Financing from Legalist, Inc. There were a couple of issues and I know Mr. Totaro was on the phone with me during some of the calls.

5. I was present at the Status Conference held on November 7, 2022, in this case and know the Court set a deadline for filing a Motion to incur Debt for November 21, 2022.

6. I have been working diligently with the prospective lender to consummate the Debtor in Possession Financing as it is the most important aspect of this case,

7. On November 10, 2022, I signed a revised Summary of Key Terms and Conditions for Debtor-in-Possession Term ("DIP") Loan with Legalist, Inc ("Lender"). This provides for Conditions Precedent to the DIP draw which first provides for the Lender's completion of its due diligence followed by delivery of a fully executed credit agreement and then obtaining Bankruptcy Court Approval.

8. Myself and my assistant have provided Lender with the information request to conduct its' due diligence.

6

9. I was previously asked by the representatives of the prospective lender ("Lender") to seek an extension of the time to file the Motion to Incur Debt/Approve Post Petition Financing ("Financing Motion").

10. As such I asked counsel and they did file a Motion for an Extension which I understand the Court granted until December 9, 2022, which is today.

11. There was some discussion recently about the Lender wanting a new appraisal to include all of the entitlements which would show a significant increase in value and more clearly support its proposed financing.

12. I had discussions with the Lender and I believed they had agreed we would sign the DIP Credit Agreement today and file the Motion to Approve it. The DIP Credit Agreement I was provided listed an appraisal of the property at 1701 20th Street West Rosamond, CA 93560 ("Rosamond") as a condition precedent to the financing.

13. I was advised the Financing Motion to was prepared and waiting on the signed Credit Agreement to be finalized.

14. In the afternoon sometime prior to this, counsel and the Lender discovered creditor Grimm had filed Motions for Relief from Stay as to each of the three properties and the Lender was reviewing these.

15. Nonetheless we believed the Financing Motion would still be filed and were waiting in the Credit Agreement to be signed.

16. In an email to myself and counsel at approximately 6 pm, we were advised the Lender was not ready to sign the Credit Agreement and file the Financing Motion today as planned and we would discuss on Monday.

17. After a request for an explanation we received and email referencing the motions for relief from stay filed by Grimm that gave the value of Rosamond as substantially less than they valued it when they made the loan in 2017. They apparently felt the need for an updated appraisal which was already agreed upon to justify the value.

18. In light of this last-minute event I am requesting the Court extend the time

2

to file the Financing Motion for an additional 2 weeks to allow time for a proper appraisal as there are considerable records and entitlements for an appraiser to review and prepare a proper valuation and appraisal supporting the same.

19. I apologize to the Court for this late request but it was clearly our intention to file the Financing Motion today as the Court ordered.

20. In the meantime I did have couple other financing offers which would be workable if the Lender changes its mind and with an proper updated appraisal it will justify any requested loan.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 9, 2022, at Hermosa Beach, CA,

_____
Patrick Kealy

3

## DECLARATION OF MAUREEN J SHANAHAN

I, Maureen J. Shanahan, declare:

1. I am an attorney licensed to practice before this Court and all courts of the State of California and a partner in the law firm of Totaro & Shanahan, attorneys of record for Debtor in Possession in this case. I have personal knowledge of the following facts and if called as a witness I could and would testify competently hereto.

2. I was aware that Debtor's manager Patrick Kealy was working with a prospective lender Legalist, LLC ("Lender") on DIP Financing to take out the disputed first lien on all three of Debtor's real properties and provide additional funds for Debtor.

3. The court had initially set a deadline to file a Motion to Incur Debtor for November 21, 2022 which was extended after a motion similar to this was filed to extend the deadline to file to December 9, 2022 was granted. At the time that motion was made we had a deadline from Lender which would have provided time to file the necessary motion.

4. I had several conversations with Lender yesterday about a possible additional had extension but after discussions yesterday we agreed the Motion would be filed today.

5. I had prepared a draft of the Motion today and had a couple discussions with Lender's representatives, including some correspondence.

6. At some point today we learned that Grimm had filed three Motions for Relief from Stay yesterday, one for each of Debtor's properties that is claimed as collateral for the disputed Grimm loan.

7. I say this is a disputed loan as there is litigation in the state court concerning the loan.

8. Apparently, very conveniently Grimm listed the total value of each of the properties as less than the amount claimed to be owed by Grimm. This involves values substantially less than in prior appraisals.

4

9. Upon seeing these motions, particularly the Motion as to the property located at 1701 20th St West, Rosamond, CA 93560 ("Rosamond") and the very low-ball appraisal, the Lender expressed some concern.

10. We had communications and until just before 6 pm this evening, I had planned on filing the Motion to Incur Debt/Approve DIP Financing today. I had previously called the Court clerk to set a hearing date for the Motion which I had truly planned on having filed.

11. Just before 6 pm Debtor's manager and I received an email indicating the Lender was not reading to sign the Credit Agreement and file the Motion today and we would talk next week.

12. Lender had already decided to obtain a new appraisal which I was told they believed would likely be higher than the older appraisal they had relied on and would provide further support for the DIP Financing.

13. The Lender previously indicated a complete appraisal for the properties would take approximately 2 weeks.

14. I am aware that Debtor's manager has at least one back up prospective lender, possibly two.

15. I had truly thought this would be filed and sincerely apologize to the Court for having to seek another extension as we believed this was ready to go. Given all that I know about the properties and in particular Rosamond I am confident the values Debtor has provided will hold up on a proper appraisal.

16. Therefore I am reluctantly and respectfully requesting and additional two week extension of time to file the Motion to Incur Debt/DIP Financing Motion on behalf of Debtor

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 9, 2022 at New Orleans, LA

*Maureen Shanahan*
MAUREEN F SHANAHAN

5